FILED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

2021 MAR 15  PM 3: 00

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

for the

MIDDLE District of FLORIDA

ORLANDO Division

INDIVIDUALLY AND BEHALF OF
OF OTHERS SIMILARLY SITUATED,

JOSEPH NORMAN BROWN, III

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

WAYNE IVEY

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 6:21-CV-477-18DCI

*(to be filled in by the Clerk's Office)*

CLASS ACTION

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

SEEKING DECLARATORY AND INJUNCTIVE RELIEF

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name _Joseph Norman Brown, III_

All other names by which
you have been known:  _Joey_

ID Number  _4865701_

Current Institution  _Brevard County Jail Complex_

Address  _860 Camp Road_

_Cocoa_          _Fla_          _32927_
City           State          Zip Code

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name  _Wayne Ivey_

Job or Title *(if known)*  _Sheriff_

Shield Number  _Unknown_

Employer  _Brevard County Sheriff's Office_

Address  _700 Park Avenue_

_Titusville_       _Fla_        _32780_
City           State          Zip Code

☐ Individual capacity   ☑ Official capacity

Defendant No. 2

Name  _____

Job or Title *(if known)*  _____

Shield Number  _____

Employer  _____

Address  _____

_____    _____    _____
City           State          Zip Code

☐ Individual capacity   ☐ Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

        *City*         *State*         *Zip Code*

☐ Individual capacity     ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

        *City*         *State*         *Zip Code*

☐ Individual capacity     ☐ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1ST AMENDMENT - U.S. CONSTITUTION - FREEDOM OF SPEECH.

4TH AMENDMENT - U.S. CONSTITUTION - EQUAL PROTECTION OF THE LAW.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

DEFENDANT IVEY IS THE SHERIFF OF BREVARD COUNTY. AS SHERIFF, HE HAS CUSTODY OF ALL PEOPLE INCARCERATED AT THE BREVARD COUNTY JAIL COMPLEX. IVEY IS THE FINAL POLICY MAKER FOR THE SHERIFFS OFFICE AND THE JAIL COMPLEX.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

THE JAIL IN GENERAL - ONGOING ISSUE

C.    What date and approximate time did the events giving rise to your claim(s) occur?

THIS IS AN ONGOING ISSUE AT THE JAIL

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHED

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE ATTACHED

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

BREVARD COUNTY JAIL COMPLEX — COCOA, FLA

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

VIOLATION OF CONST. RIGHT(S)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

KIOSK - GRIEVANCE # 1382673

2.    What did you claim in your grievance?

REQUIRING INMATES TO PAY OUTSTANDING BALANCE BEFORE AN INMATE CAN ORDER PUBLICATIONS DISCRIMINATES AGAINST INDIGENT INMATES WHO CAN'T AFFORD TO PAY THE OUTSTANDING BALANCE.

3.    What was the result, if any?

I WAS TOLD THE POLICY WOULD NOT CHANGE.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

NO OPTION WAS GIVEN TO APPEAL. THE BUTTON TO APPEAL WASN'T ACTIVATED. (PURPOSELY DEACTIVATED TO EPHASIZE THE MATTER WAS CLOSED & TO AVOID AN APPEAL)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

SEE ATTACHED DECLARATION OF EXHAUSTION OF

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*  ADMINISTRATIVE REMEDIES

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
        Plaintiff(s)    ___
        Defendant(s)    ___

2.    Court *(if federal court, name the district; if state court, name the county and State)*
        ___

3.    Docket or index number
        ___

4.    Name of Judge assigned to your case
        ___

5.    Approximate date of filing lawsuit
        ___

6.    Is the case still pending?

        ☐ Yes

        ☐ No

        If no, give the approximate date of disposition.    ___

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        ___

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)  _JOSEPH NORMAN BROWN, III_

Defendant(s)  _MR. CHAPMAN_

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_U.S. DISTRICT COURT - SOUTHERN DISTRICT - W. VA_

3.    Docket or index number

_6:20 - CV - 332_

4.    Name of Judge assigned to your case

_FRANK W. VOLK_

5.    Approximate date of filing lawsuit

_5/8/20_

6.    Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition  _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_DISMISSED - FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES. APPEAL IN PROGRESS SINCE 11/9/20, BRIEFS FILED 11/30/20._

8. SEE ATTACHED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff    JOSEPH BROWN III

Prison Identification #    4865701

Prison Address    860 CAMP RD

| Cocoa | FL | 32927 |
|-------|-------|----------|
| City | State | Zip Code |

### B.     For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

| _____ | _____ | _____ |
|------|-------|----------|
| City | State | Zip Code |

Telephone Number _____

E-mail Address _____

right to exercise free speech and prevented from ordering the required text for the paralegal course; without paying the jail $1,717.23 first. And that amount will increase daily.

7. The above scenario holds true for the over 1,000 other indigent inmates incarcerated in the Brevard County Jail Complex who represent the class members. Class Members are unable to order publications, subscribe to magazines or newspapers, etc., because the Defendants policy requiring funds be "available" in the "inmates account" in order to order these things effectively extinguishes any possibility of doing so.

8. The Named Plaintiff and the class he represents contend that the defendants policy, "Publications must be prepaid; there must be enough funds available in your account to pay for the subscription," is unconstitutional because of the following four factors:

a. While there is a valid rational connection between the Defendant's policy (as quoted in paragraph #8) and a legitimate government interest (being to defray the costs of incarceration), the policy does not operate in a neutral fashion. This is because by not paying the jail, one cannot exercise their rights to expression (while inmates who are not poor and pay the jail may exercise that right).

b. There are currently no alternate means in place for the indigent inmate to exercise their constitutional right to free speech / expression.

"Underlying Facts 2/4"

C. THERE ARE GREAT ~~NEGATIVE~~ POSITIVE IMPACTS AND VERY LITTLE NEGATIVE ONES WHEN DETERMINING WHAT IMPACTS THE ASSERTED RIGHT WILL HAVE ON GUARDS, OTHER INMATES, AND JAIL RESOURCES (SEE EXHIBIT C).

d. THERE ARE OBVIOUS, EASY ALTERNATIVES THAT WOULD ACCOMODATE THE RIGHT ASSERTED WHICH WOULD SUGGEST THAT THE DEFENDANTS POLICY (AS STATED ABOVE) IS AN UNREASONABLE AND EXAGGERATED RESPONSE TO JAIL CONCERNS.

ONE SUCH EXAMPLE WOULD BE ALLOWING OUTSIDE PARTIES, SUCH AS FAMILY AND FRIENDS, TO ORDER FROM THE PUBLISHER OR AN APPROVED DOT.COM SITE AND HAVING SAID ORDER SHIPPED DIRECTLY TO THE JAIL IN THE COMPANY'S PACKAGING.

THIS OBVIOUS, EASY ALTERNATIVE HAS NO COST IMPACT ON THE JAIL SINCE REALISTICALLY, INDIGENT INMATES ARE EXACTLY THAT BECAUSE THEY ARENT ABLE TO PAY THIER OUTSTANDING JAIL BALANCE. THUS, THE JAIL ISNT LOSING ANYTHING, PER SE.

ADDITIONALLY, THE JAIL ALREADY HAS APPROPRIATE POLICIES IN PLACE (SEE EXHIBIT A) RELATING TO WHAT CONTENT MAY NOT BE RECEIVED, WHERE CONTENT SHOULD BE STORED, AND HOW MUCH CONTENT AN INMATE CAN HAVE AT ANY ONE TIME. AS A RESULT, NO COSTS WILL NEED TO BE EXPENDED TO CREATE A POLICY FOR PUBLICATIONS.

"UNDERLYING FACTS 3/4"

9. THE FREEDOM OF SPEECH IS A RIGHT, NOT A PRIVELEDGE. A RIGHT THAT DOESN'T EVAPORATE DUE TO INCARCERATION. A RIGHT THAT SHOULDN'T BE OBTAINABLE ONLY IF YOU HAVE ENOUGH MONEY TO PAY THE BREVARD COUNTY JAIL.

10. IN CONCLUSION, THE JAILS POLICY IS THE MOST EXTREME RESPONSE TO THE JAIL; IT COMPLETELY EXTINGUESHES AN INDIGENT INMATES ABILITY TO EXERCISE HIS FIRST AMENDMENT RIGHT TO READ NEWSPAPERS, OR ANY OTHER PUBLICATION, AND IT IS AN EXAGGERATED RESPONSE TO THE JAIL'S INSTITUTIONAL CONCERNS AS THERE ARE OBVIOUS, EASY ALTERNATIVES TO THE CURRENT POLICY THAT WOULD ACOMODATE THE RIGHT WITH DE MINIMUS IMPACT ON THE JAIL.

11. FOR THE ABOVE REASONS, THE NAMED PLAINTIFF AND THE CLASS HE REPRESENTS ASSERTS THAT THE DEFENDANT'S POLICY (AS STATED IN PARAGRAPH 8) IS UNCONSTITUTIONAL.

"UNDERLYING FACTS 4/4"

# "INJURIES"

As a direct or proximate result of the Defendant's policy (as underlined in Exhibit A), the Plaintiff and the class he represents are currently, and have been previously unable to exercise their First Amendment right to Freedom of Speech/Expression. Without the relief prayed for in this complaint, the Plaintiff and the class he represents will continue to suffer the violation of a Constitutionally Guarenteed right.

"INJURIES ⅟, "

# "RELIEF"

WHEREFORE, THE PLAINTIFF AND THE CLASS MEMBERS RESPECTFULLY REQUEST THAT THE COURT:

a) CERTIFY THE PROPOSED CLASS;

b.) ENTER A DECLARATORY JUDGEMENT THAT THE DEFENDANT VIOLATED THE PLAINTIFF'S AND CLASS MEMBERS' CONSTITUTIONAL RIGHTS;

c.) ENTER A PERMANENT INJUNCTION REQUIRING THE DEFENDANT TO PUT A POLICY IN PLACE THAT ALLOWS INDIGENT INMATES TO ORDER PUBLICATIONS WITHOUT HAVING TO PAY OUTSTANDING JAIL OBLIGATIONS; AND

d.) ORDER SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

"RELIEF 1/1"

## "ADDITIONAL LAWSUITS"

#2      1) JOSEPH NORMAN BROWN, III
             ASHLEY BROWN

2) UNITED STATES DISTRICT COURT - MIDDLE DISTRICT
    OF FLORIDA - ORLANDO

3) 6:20-CV-1624

4) G. KENDALL SHARP

5) 9/14/20

6) NO; 10/19/20

7) DISMISSED - FAILURE TO STATE A CLAIM -
    WITHOUT PREJUDICE.

#3      1) JOSEPH NORMAN BROWN, III, ET. AL.,
             WAYNE IVEY AND MIKE DEMORAT

2) UNITED STATES DISTRICT COURT - MIDDLE
    DISTRICT OF FLORIDA - ORLANDO

3) 6:20-CV-1852

"ADDITIONAL LAWSUITS 1/3"

4) WENDY W. BERGER

5) UNKNOWN

6) NO; UNKNOWN

7) DISMISSED WITHOUT PREJUDICE; IMPROPER
FORMAT.

#4  1) JOSEPH NORMAN BROWN, III
WAYNE IVEY, MIKE DEMORAT, AND JANE DOE

2) UNITED STATES DISTRICT COURT - MIDDLE DISTRICT
OF FLORIDA — ORLANDO

3) 6:20-CV-2158

4) WENDY W. BERGER

5) UNKNOWN

6) NO; UNKNOWN

7) DISMISSED WITHOUT PREJUDICE; NO
INJURY ALLEGED.

" ADDITIONAL LAWSUITS 2/3 "

※5

1) JOSEPH NORMAN BROWN, III
JOHN ANDERSON, FRANGY MERANE, AND MR. RICH

2) UNITED STATES DISTRICT COURT - MIDDLE
DISTRICT OF FLORIDA - ORLANDO

3) 6:21-CV-32

4) G. KENDALL SHARP

5) 1/6/21

6) NO; 1/28/21

7) DISMISSED WITHOUT PREJUDICE - NOTICE
OF APPEAL FILED.

"ADDITIONAL LAWSUITS 3/3"

# "CLASS ACTION ALLEGATIONS"

1. THE NAMED PLAINTIFF BRINGS THIS ACTION ON BEHALF OF HIMSELF & ALL OTHERS SIMILARLY SITUATED AS A CLASS ACTION UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(a) AND 23(b)(2).

2. THE CLASS THAT THE PLAINTIFF SEEKS TO REPRESENT IS DEFINED AS ALL CURRENT AND FUTURE PERSONS INCARCERATED AT THE BREVARD COUNTY JAIL COMPLEX WHO EITHER ARE OR BECOME INDIGENT. THE CLASS ALLEGATIONS AND LAW ARE SET FORTH IN MORE DETAIL IN THE ACCOMPANYING MOTION FOR CLASS CERTIFICATION.

3. THIS ACTION IS BROUGHT AND MAY PROPERLY BE MAINTAINED AS A CLASS ACTION PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE. THIS ACTION SATISFIES THE REQUIREMENTS OF NUMEROSITY, COMMONALITY, TYPICALITY, AND ADEQUACY. FED. R. CIV. P. 23(a).

4. AS OF THE DATE OF THIS COMPLAINT, THE EXACT NUMBER OF INDIGENT PERSONS INCARCERATED IN THE BREVARD COUNTY JAIL COMPLEX IS UNKNOWN, BUT EXCEEDS 1,000. THE CLASS MEETS THE NUMEROSITY REQUIREMENT OF FEDERAL RULE OF CIVIL PROCEDURE 23(a).

5. ~~THE CLASS IS ~~ JOINDER IS IMPRACTICABLE BECAUSE THE CLASS MEMBERS ARE NUMEROUS; THE CLASS INCLUDES FUTURE, UNKNOWN MEMBERS; AND THE CLASS IS FLUID DUE TO THE INHERENTLY TRANSITORY NATURE OF PRETRIAL INCARCERATION. CERTIFYING THE CLASS SUPPORTS JUDICIAL ECONOMY.

6. COMMON QUESTIONS OF LAW AND FACT EXIST AS TO ALL MEMBERS OF THE CLASS. THE PLAINTIFF SEEKS COMMON DECLARATIVE AND INJUNCTIVE RELIEF CONCERNING WHETHER

"CLASS ACTION ALLEGATIONS 1/3"

THE DEFENDANTS POLICY, PRACTICE, OR CUSTOM/PROCEDURES VIOLATE THE CONSTITUTIONAL RIGHTS OF THE CLASS MEMBERS. THESE COMMON QUESTIONS OF FACT AND LAW INCLUDE, BUT ARE NOT LIMITED TO:

a.) WHETHER THE POLICIES, PRACTICES, CUSTOMS, OR PROCEDURES CONSTITUTE DELIBERATE INDIFFERENCE TO THE CONSTITUTIONAL RIGHTS OF THE CLASS MEMBERS;

b.) WHETHER THE POLICY, PRACTICE, CUSTOMS, OR PROCEDURES ARE REASONABLY RELATED TO THE JAILS LEGITIMATE INTERESTS IN THE SECURITY, SAFETY, AND ORDERLY RUNNING OF THE JAIL; AND

c.) WHETHER THIER ARE ALTERNATE METHODS TO PROTECT THE INTERESTS AS STATED ABOVE WITHOUT VIOLATING THE RIGHTS OF THE CLASS MEMBERS.

7. THE PLAINTIFF'S CLAIMS ARE TYPICAL OF THE CLASS MEMBERS' CLAIMS. THAT TYPICALITY STEMS FROM THIER CLAIM THAT THE DEFENDANT IS VIOLATING THIER CONSTITUTIONAL RIGHTS TO FREEDOM OF SPEECH AND EQUAL PROTECTION OF THE LAW. ALL CLASS MEMBERS SEEK THE SAME DECLARATORY AND INJUNCTIVE RELIEF.

8. THE PLAINTIFF IS AN ADEQUATE REPRESENTATIVE OF THE CLASS BECAUSE HIS INTERESTS IN THE VINDICATION OF THE LEGAL CLAIMS HE RAISES ARE ENTIRELY ALIGNED WITH THE INTERESTS OF THE OTHER CLASS MEMBERS, EACH OF WHOM HAVE THE SAME CONSTITUTIONAL CLAIMS. THERE ARE NO KNOWN CONFLICTS OF INTERESTS AMONG MEMBERS OF THE PROPOSED CLASS, AND THE INTERESTS OF THE PLAINTIFF DO NOT CONFLICT WITH THOSE OF THE OTHER CLASS MEMBERS.

" CLASS ACTION ALLEGATIONS 2/3 "

9. THE PLAINTIFF HAS EXPIERENCE IN LITIGATING CIVIL RIGHTS MATTERS IN FEDERAL COURT. THE PLAINTIFF PLANS TO MOVE THE COURT FOR AN APPOINTED COUNSEL UPON SUCESSFUL PRE-SCREENING BY THIS COURT.

10. BECAUSE THE PUTATIVE CLASS CHALLENGES THE DEFENDANT'S SYSTEM AS UNCONSTITUTIONAL THROUGH DECLARATORY AND INJUNCTIVE RELIEF THAT WOULD APPLY THE SAME RELIEF TO EVERY MEMBER OF THE CLASS, CERTIFICATION UNDER RULE 23(b)(2) IS APPROPRIATE AND NECESSARY.

11. A CLASS ACTION IS A SUPERIOR MEANS, AND THE ONLY PRACTICABLE MEANS, BY WHICH THE PLAINTIFF AND CLASS MEMBERS CAN CHALLENGE THE DEFENDANTS UNCONSTITUTIONAL ACTIONS AND OBTAIN THE NECESSARY DECLARATORY AND INJUNCTIVE RELIEF SOUGHT FOR HIMSELF AND ALL OTHER MEMBERS OF THE CLASS.

"CLASS ACTION ALLEGATIONS 3/3"